IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

```
VICTOR FOURSTAR, JR.,            )   Cause No. CV 04-93-GF-CSO
                                 )
          Plaintiff,             )
                                 )
     vs.                         )   ORDER re: PENDING MOTIONS
                                 )
TERRY BOYD, FREEDOM CRAWFORD,    )
FRANCIS RATTLING THUNDER, and    )
MELVIN CLARK,                    )
                                 )
          Defendants.            )
_____)
```

Several motions are pending before the Court. Having considered each motion, the Court rules as follows.

## I. Motion to Amend or Correct the Scheduling Order and Motion for Extension of Time to File Brief in Support of Motion

On July 11, 2005, Fourstar moved to amend or correct the following statement of his claims, which was set forth in the Court's Order of June 23, 2005:

> Based on the Complaint and Fourstar's motion to amend it, the questions at issue are (1) whether Crawford, Rattling Thunder, or Clark used excessive force in conducting the search of Fourstar; (2) whether the search was otherwise unreasonable; (3) whether Crawford, Rattling Thunder, and Clark had the authority to do what they did; and (4) if Crawford, Rattling Thunder, or Clark violated Fourstar's constitutional rights, whether Boyd directed any one of them to do so.

Order (Court's doc. 61) at 2-3.

ORDER re: PENDING MOTIONS / PAGE 1

Fourstar seeks to add a contention that photographs taken by Defendant Crawford were "negligently utilized" during his trial on July 2002 and so caused him severe emotional distress. He notes that the Defendants' Answer denies that the photographs were introduced into evidence. Defendants respond that the issue is sufficiently incorporated in the four issues as set forth.

None of the Defendants in this case could have introduced evidence at trial. That decision would have been made by the prosecutor, who is no longer a party because he cannot be sued for what he does in court. <u>See</u> Findings and Recommendation (Court's doc. 20) at 4; Order of Dec. 29, 2004 (Court's doc. 30) at 2. For that reason, although the photographs' use at trial may be relevant to Fourstar's damages, there is no separate claim regarding the use of the photographs at trial. Consequently, there is no need to amend the claims set forth in the Scheduling Order.

Fourstar's motion to amend or correct is denied. His motion for an extension of time to file a brief in support and his motion for leave to file a brief in support are moot.

**II.  Motion for Reconsideration of Denial of Counsel**

On August 8, 2005, Fourstar moved the Court to reconsider its Orders of July 1, 2005 (Court's doc. 62) and December 8, 2004 (Court's doc. 24), which denied Fourstar's requests for the appointment of counsel.

The Court recognizes that Fourstar is incarcerated and that

ORDER re: PENDING MOTIONS / PAGE 2

his confinement makes it more difficult for him to litigate his case than it would be if he were not incarcerated.  However, his difficulties are not sufficient to warrant the appointment of counsel.  As the United States Supreme Court has said, "[t]he tools [the Constitution] requires to be provided are those that the inmates need in order to . . . challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Lewis v. Casey, 518 U.S. 343, 355 (1996); see also Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1160 (9th Cir. 2003) (holding that sheriff did not violate the Constitution when he refused to transport prisoner to civil trial for purpose of prosecuting personal injury action pro se).

In support of the present motion, Fourstar advances the theory that the Cooperative Agreement authorizing some of the Defendants to act is contrary to a treaty.  The Court does not believe that the likelihood of Fourstar's prevailing against the Defendants on that theory is high enough to support the appointment of counsel.

### III. Discovery Materials

On October 17, 2005, Fourstar filed a document titled "discovery request" in which he "seeks . . . discovery materials from the defendants in this cause of action."  Discovery Request (Court's doc. 73) at 1.

ORDER re: PENDING MOTIONS / PAGE 3

Neither discovery requests nor discovery responses are filed with the Court unless they are pertinent to a motion or unless leave is sought and granted. See Fed. R. Civ. P. 5(d); D. Mont. L.R. 26.2(a) (eff. Dec. 1, 2004). Fourstar received a copy of the Local Rule with his service copy of the Scheduling Order. See Order of June 23, 2005, at 5, ¶ 4. Fourstar's discovery request will be stricken and the Court will not consider it.

Additionally, on November 22, 2005, Fourstar submitted to the Court documents he refers to as "Plaintiff's Discovery." Those documents will be returned to him without filing, pursuant to Federal Rule 5(d) and Local Rule 26.2(a).

### IV. Motion for Leave to (sic) Motion for Modification of Scheduling Order Deadline, or Enlargement of the Deadline

On November 22, 2005, Fourstar moved to extend the deadline for serving discovery by thirty days. By "discovery," he appears to mean all opportunities at his disposal for gathering information about his case. Freedom of Information Act requests, for example, are not part of discovery, which consists of those devices set forth in Fed. R. Civ. P. 26 through 36. Defendants oppose the request on the grounds that the November 18, 2005, deadline for completing discovery was set on June 23, 2005, and Fourstar has had ample time to comply with the Order.

Although the Court agrees with the Defendants, it appears that most of Fourstar's concerns lie with information sources other than the Defendants and with responding to Defendants' discovery

ORDER re: PENDING MOTIONS / PAGE 4

requests.  See Mot. For Leave (Court's doc. 76) at 3. Consequently, the Court will permit Fourstar an extension of time to pursue those matters set forth in his request for the extension, <u>see</u> Mot. for Leave (Court's doc. 76) at 1-3, except for the interrogatory he says he sent to Defendant Clark on November 8, 2005.  The interrogatory to Clark was served well after the October 14, 2005, deadline for service of discovery.

## V. Motion for Rule 26(f) Meeting of Parties and Planning for Discovery

On October 31, 2005, Fourstar moved for an order directing the parties to meet pursuant to Fed. R. Civ. P. 26(f).  Defendants point out that the motion is moot because a Scheduling Order was entered on June 23, 2005.  That is correct.  Additionally, Fed. R. Civ. P. 26(a)(1)(E)(iii) exempts this action from the initial disclosure and Rule 26(f) conference requirements.

## VI. Motion for Adjudication of Pending Motions

Given these rulings, this motion is moot.  Fourstar is instructed not to file motions for adjudication of pending motions.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Fourstar's motion to amend or correct the Scheduling Order (Court's doc. 64) is DENIED.

2. Fourstar's motions for an extension of time to file a brief (Court's doc. 65) and motion for leave to file a brief

(Court's doc. 67) are DENIED as MOOT.

3. Fourstar's "Motion for Leave to Motion for Reconsideration of Motion for Counsel" (Court's doc. 69) is DENIED.

4. Fourstar's "Discovery Request" (Court's doc. 73) is STRICKEN.

5. Fourstar's "Motion for Leave to Motion for Modification of Scheduling Order Deadline, or Enlargement of the Deadline" (Court's doc. 76) is GRANTED IN PART. The deadline for Fourstar's completion of the "discovery" set forth in ¶¶ 2-4 of the Motion is EXTENDED to **December 18, 2005.** The motion is DENIED as to Defendant Clark.

6. Fourstar's motion for Rule 26(f) meeting and discovery plan (Court's doc. 74) is DENIED.

7. Fourstar's "Motion for Adjudication of Pending Motions" (Court's doc. 72) is DENIED as MOOT.

Fourstar must immediately notify the Court of any change of address. Failure to do so may result in dismissal of this case without further notice.

DATED this 12th day of December, 2005.

**/s/ Carolyn S. Ostby**
Carolyn S. Ostby
United States Magistrate Judge